IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLIENT PROTECTION FUND
OF THE BAR OF MARYLAND

    Plaintiff,

v.

    Case No. WDQ-10-0680

MELDON HOLLIS

    Defendant.

## REPORT AND RECOMMENDATION

The above-referenced case has been referred to the undersigned for resolution of a motion to vacate a writ of garnishment. (ECF No. 52.) Currently pending are (1) defendant's Motion to Vacate Writ of Garnishment, for Injunction and for Sanctions (ECF No. 40) and plaintiff's response (ECF No. 41), and (2) defendant's Motion to Strike Client Protection Fund Response to Motion to Vacate Writ of Garnishment (ECF No. 45) and plaintiff's response (ECF No. 48). No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, I respectfully recommend that defendant's motions (ECF Nos. 40 & 45) be DENIED.

### I. BACKGROUND

This case originated as a legal malpractice suit against defendant Meldon S. Hollis, Jr. in the Circuit Court for Baltimore City in 1994. (ECF No. 6 at 2.) Defendant's former client, Dr. Leroy J. Amar, M.D., brought suit against defendant for misappropriation of funds.[1] (Id.) A judgment was entered, pursuant to the terms of a settlement agreement between the parties, but

---

[1] Hollis was later disbarred for this misconduct. See Attorney Grievance Com'n v. Hollis 347 Md. 547, 702 A.2d 223 (Md. 1997).

defendant failed to pay the amount owed. (Id.) The judgment was assigned to the Client Protection Fund of the Bar of MD ("CPF"), plaintiff in the instant suit, who renewed efforts to enforce the judgment in Circuit Court in 2006. (Id. at 2-3.) Defendant failed to appear at an evidentiary hearing in 2008, and the Circuit Court reinstated a garnishment order against him. (ECF No. 22.) Defendant appealed, and the Court of Special Appeals affirmed. (ECF No. 6.)

On March 18, 2010, defendant, who appears pro se, filed a notice of removal in this court. (ECF No. 1.) In an Order dated May 21, 2010, Judge Quarles held that removal was untimely under 28 U.S.C. § 1446(b),[2] granted CPF's motion to remand,[3] and ordered defendant to pay $2,275.00 in attorneys' fees, pursuant to 28 U.S.C. § 1447(c).[4] (ECF No. 32 at 2 (citing Martin v. Frankline Capital Corp., 546 U.S. 132, 141 (2005).) Defendant appealed the remand and award of fees (ECF No. 35), but did not obtain a stay of enforcement of the judgment by posting a supersedeas bond, pursuant to Fed. R. Civ. P. 62(d). Accordingly, CPF requested a writ of garnishment (ECF No. 38), which was issued by the Clerk of this court on September 24, 2010 (ECF No. 39). On October 15, 2010, Hollis filed the now-pending motion to vacate the writ of garnishment. (ECF No. 45.) Plaintiff's response was filed on December 1, 2010. (ECF

---

[2] "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

[3] An earlier petition for removal was similarly denied by then District Judge Andre Davis in November, 2008. See Amar v. Hollis, et al., AMD-08-2933.

[4] 28 U.S.C. § 1447(c) provides, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

No. 41.) Defendant moved to strike plaintiff's response as untimely on December 7, 2010 (ECF No. 45), and CPF filed a response on December 23, 2010 (ECF No. 48).

## II. DISCUSSION

### a. Motion to Strike

Defendant argues that CPF's response to his motion to vacate the writ of garnishment should be stricken, as it was filed a month late, and requests that the court "proceed with Petitioner's Motion unopposed." (ECF No. 45.)  Even if the court were to disregard CPF's response as untimely, the court still has an obligation to consider defendant's motion to vacate on the merits and determine whether the relief sought is appropriate.  Moreover, defendant does not argue, and the undersigned does not find, that defendant was unduly prejudiced by CPF's late-filed response.  Accordingly, the undersigned respectfully recommends that defendant's motion to strike (ECF No. 45) be DENIED.

### b. Motion to Vacate the Writ of Garnishment

In his motion to vacate the writ of garnishment, defendant argues that it was improper for CPF to continue its efforts to enforce the judgment against him in the Circuit Court for Baltimore City while his case was pending in federal court.  (ECF No. 40 at 2-3.)  Defendant also argues that it was improper and in bad faith for CPF to attempt to enforce the award of attorneys' fees accompanying this court's May 21, 2010 remand Order while his appeal of the award was pending in the United States Court of Appeals for the Fourth Circuit.  (Id. at 3.)  Defendant requests the following relief:  (1) an order vacating the writs of garnishment entered by the Circuit Court for Baltimore City on July 9, 2010 and this court on September 25, 2010; (2) an injunction against any future attempts by CPF to garnish defendant's wages, until his appeal of the sanction accompanying the removal order (i.e., attorneys' fees in the amount of $2,275.00)

has been resolved by the Court of Appeals; (3) return of all funds already garnished as a result of the writ of garnishment entered by the Circuit Court for Baltimore City; and (4) sanctions against CPF in the amount of $4,060.00.

The undersigned has considered defendant's arguments and concludes that they are wholly without merit. First, defendant's attempt at removal was properly denied by this court on May 21, 2010 as untimely pursuant to 28 U.S.C. § 1446(b) and remanded to the state court. (ECF No. 32.) As such, this court lacks jurisdiction to resolve any matters pertaining to enforcement of the judgment against defendant in the underlying litigation in state court. Second, defendant's argument that it was wrongful for CPF to attempt to enforce the judgment for attorneys' fees accompanying this court's May 21, 2010 remand Order while his appeal from that Order was pending is also unavailing. In order to stay the enforcement of a judgment during the pendency of an appeal, the appellant must post a supersedeas bond, pursuant to Fed. R. Civ. P. 62(d). The filing of a motion to vacate "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c). Defendant did not request a stay by posting a supersedeas bond, pursuant to Fed. R. Civ. P. 62(d), and thus, the judgment for attorneys' fees is enforceable. It was not improper for CPF to request a writ of garnishment to satisfy that judgment while defendant's appeal was pending. Finally, defendant's requests for injunctive relief and sanctions, for which defendant offers no legal support, are baseless and unwarranted, and the undersigned recommends that they be denied.

For the reasons discussed above, the undersigned respectfully recommends that defendant's Motion to Vacate Writ of Garnishment, for Injunction and for Sanctions (ECF No. 40) be DENIED.

## IV. CONCLUSION

In sum, I recommend that:

1. The court DENY defendant's Motion to Strike Client Protection Fund Response to Motion to Vacate Writ of Garnishment (ECF No. 45); and

2. The court DENY defendant's Motion to Vacate Writ of Garnishment, for Injunction and for Sanctions (ECF No. 40.).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Loc. R. 301.5.b.

Date:   02/07/11                                /s/
                                          Beth P. Gesner
                                          United States Magistrate Judge